## STRAYER v NEW YORK CENTRAL RD CO

Ohio Appeals, 6th Dist, Williams Co
No. 192.   Decided April 14, 1931

C. L. Newcomer, Toledo, for Strayer.
Doyle & Lewis, Toledo, for Railroad Co.

WILLIAMS, J.

Upon trial of the case a jury was im-paneled and opening statements of counsel for plaintiff and defendant were made. Thereupon counsel for plaintiff offered in evidence a written contract entered into between the railroad company and the State of Ohio acting by and through the Director of Highways. Counsel for the defendant objected to the introduction of the contract and also objected to any evidence being offered in the case upon the ground that the petition did not state a cause of action and that in connection with counsel's statement of the case there should be a directed verdict. The court sustained the objection of counsel for the defendant and dismissed the petition of plaintiff, and refused to submit the cause to the jury. Before the court had finally ruled upon the objections of counsel for defendant, counsel for the plaintiff asked leave to amend the petition by incorporating an averment therein to the effect that the defendant and the state highway department agreed that the defendant should maintain a light on the detour sign. Such leave was refused. To the action of the court in these respects counsel for plaintiff saved his exception.

The written agreement provided for a division of the work and the expense of separating the grade crossing between the State of Ohio and the railroad company, and also contained this provision:

"Any work not specifically provided for in Section Five shall be done by one of the parties hereto as may be mutually agreed upon from time to time during the progress of the work."

In this connection it would appear that whatever agreement may have existed between the state and the railroad company with reference to lighting the detour sign would be competent. In our judgment, the petition states a cause of action without any amendment, but we are also of the opinion that the amendment which plaintiff's counsel sought to make was a proper one.

In the opening statement, plaintiff's counsel clearly indicated that he expected to offer proof tending to show negligence on the part of the railroad company with reference to the placing of and lighting of the detour sign. The written contract between the parties and any agreement with reference to lighting the sign were admissible in evidence, and the trial court should have allowed evidence to be introduced and the trial to proceed.

The judgment will therefore be reversed and the cause remanded for a new trial.

Reversed and remanded.

LLOYD and RICHARDS, JJ, concur.